UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE and MARK RUBENSTEIN,

               Plaintiffs,

-v-

ASTRO AEROSPACE LTD.,

               Nominal Defendant,

and

BRUCE BENT,

               Defendant.

19-CV-7991 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiffs Deborah Donoghue and Mark Rubenstein claim that Defendant Bruce Bent violated § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), when he engaged in short-swing trading of Nominal Defendant Astro Aerospace Ltd. equity securities. (Dkt. No. 1.) On November 22, 2019, Bent moved to dismiss the claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), alleging that the claims were mooted when "Bent paid the sum of $178,394.24 to Astro, representing purported 'short swing profits' calculated using the 'lowest-in, highest out' method." (Dkt. No. 15 at 2, 5–6.) The motion to dismiss is granted.

## I.   Discussion

    A case is moot, and the Court is deprived of subject-matter jurisdiction, when "the parties have no legally cognizable interest or practical personal stake in the dispute" at bar. *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 94 (2d Cir. 2007) (internal quotation marks and citation omitted). The defendant bears the "burden of showing mootness,"

1

*Mhany Mgmt., Inc. v. Cnty. of Nassau*, 819 F.3d 581, 603 (2d Cir. 2016), and may carry that burden by alerting the Court to "evidence outside the pleadings," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Such evidence may "includ[e] affidavits, documents, and testimony if necessary," *Tsanganea v. City Univ. of New York*, No. 06-cv15366, 2008 WL 4054426, at *3 (S.D.N.Y. Aug. 28, 2008) (citation omitted), so long as the sources as submitted are "competent," *e.g.*, affidavits that are "based upon personal knowledge" and contain more than "conclusory allegation[s]," *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (citations omitted).

    Here, Bent argues that he disgorged himself of the short-swing profits "demanded by the Plaintiffs to be paid to Astro," thereby rendering the Court "incapable of granting a judgment that will affect the legal rights as between the parties." (Dkt. No. 15 at 6.) In support of his motion to dismiss, Bent filed two declarations from his attorney, neither of which contains any evidence regarding Bent's payment to Astro. (Dkt. No. 16; Dkt. No. 22.) Certainly, Bent has struggled to carry his burden of showing mootness. Bent's saving grace, however, is his motion's reference to an SEC Form 8-K filed by Astro. (Dkt. No. 15 at 2.) The Court takes judicial notice of this filing. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[A] district court may take judicial notice of the contents of relevant public documents required to be filed with the SEC"). The Form 8-K declares that "Bent became aware of his short swing liability under Section 16(b) on June 14, 2019 and immediately disgorged the short swing profits of $178,394.24" to Astro. Astro Aerospace Ltd., Current Report (Form 8-K) (Aug. 30, 2019), https://www.sec.gov/Archives/edgar/data/1425203/000101489719000145/astroaerospaceform8kitem801.htm.

Based on Astro's SEC filing, which constitutes competent evidence and which the Court may consider for the truth of the matter in resolving a Rule 12(b)(1) motion, the Court concludes that Plaintiffs' § 16(b) claims have been mooted.  *See Kamen*, 791 F.2d at 1011 ("Rule 56 [of the Federal Rules of Civil Procedure] offers guidelines in considering evidence . . . outside the pleadings," for purposes of resolving a Rule 12(b)(1) motion).  Section 16(b) authorizes certain private parties to bring "[s]uit to recover such profit" as was inappropriately gained through short-swing trading.  15 U.S.C. § 78p(b).  Astro, according to its Form 8-K, has already recovered Bent's short-swing profits, indeed recouping $8,000 more than Plaintiffs' "approximat[ed] $170,365" in profits owed.  (Dkt. No. 1 at 4.)  This satisfies the demands of § 16(b) and provides the relief available to Plaintiffs.  Although Plaintiffs claim that they are still entitled to attorney's fees, and that their claim to fees precludes a finding of mootness (Dkt. No. 23 at 3), an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) (citing *Diamond v. Charles*, 476 U.S. 54, 70–71 (1986)).  Accordingly, the Court lacks subject-matter jurisdiction over Plaintiffs' claims.

**II.    Conclusion**

For the foregoing reasons, Bent's motion to dismiss is GRANTED.  The Clerk of Court is directed to close the motion at Docket Number 14 and to close the case.

SO ORDERED.

Dated: November 19, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

3