UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH DONOGHUE and MARK RUBENSTEIN,
        Plaintiffs,

-v-

ASTRO AEROSPACE LTD.,
        Nominal Defendant,

and

BRUCE BENT,
        Defendant.

19-CV-7991 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On December 3, 2020, Plaintiffs Deborah Donoghue and Mark Rubenstein filed a motion seeking reconsideration of the Court's November 19, 2020 Order dismissing their claim under § 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), as moot.[1] (Dkt. No. 28.) Plaintiffs argue that reconsideration is warranted because the Court erred by considering facts beyond the complaint in dismissing their claim. Plaintiffs also argue that their claim is not moot, insofar as it seeks attorney's fees. For the reasons that follow, Plaintiffs' motion for reconsideration is denied.

I.    Discussion

Plaintiffs' first argument, that the Court erred in considering the Form 8-K that Nominal Defendant Astro Aerospace Ltd. ("Astro") filed with the Securities and Exchange Commission

---

[1] On December 4, 2020, Plaintiffs filed a motion for leave to file a corrected brief in support of their motion for reconsideration. (Dkt. No. 28.) This motion is granted, and the Court treats the brief at Docket Number 26, with the modifications specified at Docket Number 28, as the operative brief.

1

("SEC") on August 30, 2019, actively misconstrues the November 19, 2020 Order. In making their argument, Plaintiffs repeatedly assert that the Court dismissed their claim on the merits, pursuant to Federal Rule of Civil Procedure 12(b)(6). Of course, in assessing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may not consider matters outside the pleadings without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). But it is clear that the Court did not, in fact, dismiss Plaintiffs' claim pursuant to Rule 12(b)(6). The November 19, 2020 Order unambiguously states that Plaintiffs' claim was dismissed "for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)," in response to Defendant Bruce Bent's mootness argument. (Dkt. No. 24 at 1.) The November 19, 2020 Order then marshals Second Circuit case law explaining that a court may consider external evidence in assessing the presence of subject-matter jurisdiction. (Dkt. No. 24 at 2.) The Court did not err in considering Bent's factual contentions regarding mootness.

Nor did the Court err in assuming the truth of an SEC filing that Bent relied upon in moving to dismiss Plaintiffs' claim — the accuracy of which Plaintiffs failed to contest in their opposition to Bent's motion.[2] As *Kamen v. American Telephone & Telegraph Co.* explains, and as the Court quoted in its November 19, 2020 Order, "[w]hile a [Rule] 12(b)(1) motion cannot be converted into a Rule 56 motion [for summary judgment], Rule 56 is relevant to the jurisdictional challenge in that the body of decisions under Rule 56 offers guidelines in

---

[2] In their motion for reconsideration, Plaintiffs suggest that a Form 10-Q filed by Astro with the SEC on November 19, 2019, calls into question the veracity of Astro's Form 8-K. Even if the Court were to agree with Plaintiffs' interpretation of the Form 10-Q, this form does not constitute the kind of "new evidence," *i.e.* "evidence that was truly newly discovered or could not have been found by due diligence," that would justify reconsideration. *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks and citation omitted); *Muyet v. United States*, No. 03-cv-4247, 2009 WL 2568430, at *3 (S.D.N.Y. Aug. 19, 2009) ("A motion to reconsider is not [a party's] opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion.").

2

considering evidence submitted outside the pleadings." 791 F.2d at 1011. Courts resolving summary judgment motions regularly accept SEC filings for the truth of their contents. *See, e.g., Desclafani v. Pave-Mark Corp.*, No. 07-cv-4639, 2008 WL 3914881, at *5 n.7 (S.D.N.Y. Aug. 22, 2008) ("Because courts may take judicial notice of the contents of filings with the [SEC], and any facts subject to judicial notice may be properly considered in a motion for summary judgment, I take judicial notice of the contents of [a filed] Proxy Statement and consider it for the purposes of this motion." (internal quotation marks and citations omitted)); *Microbot Med., Inc. v. Alliance Inv. Mgmt. Ltd.*, No. 19-cv-3782, 2020 WL 5755061, at *6 (S.D.N.Y. Aug. 18, 2020). It follows that the Court appropriately turned to the contents of an SEC filing to determine whether Plaintiffs' § 16(b) claim had been mooted.

Plaintiffs' second argument, that their claim to attorney's fees is not moot, raises questions beyond those resolved in the November 19, 2020 Order. The November 19, 2020 Order "was addressed to the suggested exercise of continuing jurisdiction over the *merits* of the case," and the Court concluded that it lacked authority to consider whether Defendants had violated § 16(b). *Chesley v. Union Carbide Corp.*, 927 F.2d 60, 65 (2d Cir. 1991) (emphasis in original). Plaintiffs present no authorities to rebut that conclusion. Instead, they present authorities relevant to "the general rule that ancillary jurisdiction to resolve fee disputes" — as opposed to merits questions — "continues after the initial litigation is no longer before the court." *Id.*; *see also In re Nat'l Football League Players' Concussion Injury Litig.*, 790 F. App'x 391, 394 (3d Cir. 2019) (implying that common benefit fee disputes fall under a court's ancillary jurisdiction); *accord Sederquist v. Court*, 861 F.2d 554, 557 (9th Cir. 1988).

*Gilson v. Chock Full O'Nuts*, 331 F.2d 107 (2d Cir. 1964), and *Blau v. Rayette Faberge, Inc.*, 389 F.2d 469 (2d Cir. 1968), the cases cited by Plaintiffs, are early entries into the Second

3

Circuit's "common benefit" jurisprudence, *see also Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 390 (1970) (clarifying that § 16(b) cases are "cases of [the] type" that implicate the common benefit doctrine). Under the common benefit doctrine, "[a] party recovering a fund for the benefit of others, in addition to himself, may recover his costs, including his attorney's fees, from the fund itself or directly from the other parties enjoying the benefit." *Savoie v. Merchants Bank*, 84 F.3d 52, 56 (2d Cir. 1996). The operation of the common benefit doctrine is not predicated on the existence of a live case or controversy with respect to the underlying claim: "Fees may be awarded even when there is no judgment on the merits or when the dispute has become moot because the relief sought is otherwise obtained," as by the defendant's voluntary provision of the relief. *Koppel v. Wien*, 743 F.2d 129, 135 (2d Cir. 1996). The common benefit doctrine does not revive mooted claims or otherwise require district courts to "decide difficult questions involving the securities laws in cases that have become moot." *Savoie*, 84 F.3d at 57. To determine the appropriateness of awarding fees and costs, "the district court must determine whether [the] plaintiff's suit was a substantial cause of the benefit obtained," or, in other words, whether the suit "caused the [defendant] to make the [] reimbursement" the mooted claim sought as relief. *Id*. at 55–57. Arguments on this issue may be raised in an application for attorney's fees following the Rule 12(b)(1) dismissal of a § 16(b) claim.

    For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is directed to close the motion at Docket Numbers 26 and 28.

    SO ORDERED.

Dated: May 17, 2021
      New York, New York

J. PAUL OETKEN
United States District Judge