UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEBORAH DONOGHUE
and MARK RUBENSTEIN,

        Plaintiffs,

-v-

ASTRO AEROSPACE LTD.,

        Nominal Defendant,

and

BRUCE BENT,

        Defendant.

19-CV-7991 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

    On April 28, 2022, the Court entered a final judgment awarding Plaintiffs' counsel a total of $15,725.00 in fees and costs, to be paid jointly and severally by Defendant Bruce Bent and Nominal Defendant Astro Aerospace Ltd. (Dkt. No. 49.) The Clerk of the Court entered a writ of execution in that amount against Defendants on June 8, 2022.

    Plaintiffs now move to compel Defendants to respond to their outstanding post-judgment document and deposition subpoenas, pursuant to Federal Rule of Civil Procedure 69(a)(2). Plaintiffs also request an order compelling Defendants to pay the attorney's fees and expenses incurred in connection to their motion, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Plaintiffs' counsel certifies that they attempted to meet and confer in advance of filing the motion to compel, as required by Federal Rule of Civil Procedure 37(a)(1). Because Defendants failed to respond to Plaintiffs' motion within the applicable time period set by Local Rule 6.1, Plaintiffs' motion is unopposed.

1

Under Rule 69(a)(2), "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 (LAK), 2020 WL 635556, at *4 (S.D.N.Y. Feb. 11, 2020) (internal quotations omitted). Rule 69(a)(2) has been interpreted to permit judgment creditors "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07 CIV. 3219 PKC DF, 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (citing *Gibbons v. Smith*, No. 01 CIV. 1224(LAP), 2010 U.S. Dist. LEXIS 13938, at *6 (S.D.N.Y. Feb. 9, 2010)). Plaintiffs' use of document and deposition subpoenas to discover information relating to the prior final judgment and writ of execution in this matter is clearly appropriate. The motion to compel post-judgment discovery is granted.

Finally, Rule 37(a)(5)(A) requires the court to compel the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses and attorney's fees incurred in making the motion—but only after the court gives that party an opportunity to be heard. Plaintiffs' request for attorney's fees and expenses was clearly stated in their motion, and Defendants had an opportunity to be heard on the matter by filing an opposition within the fourteen-day period set out in the local rules. *See Wager v. G4S Secure Integration, LLC*, No. 19 CIV. 3547 (MKV), 2021 WL 293076, at *5 (S.D.N.Y. Jan. 28, 2021) ("It is evident therefore that Plaintiff's request for an award of expenses in her notice of motion and opening brief— albeit perfunctory—put Defendant on notice that she intended to move to recover expenses in the event she succeeded on her motion and gave Defendant an opportunity to be heard on the issue

of expenses, as required under Rule 37."). Plaintiffs' motion for attorney's fees and expenses is therefore granted.

Plaintiffs' motion to compel post-judgment discovery is GRANTED. Defendants shall respond to Plaintiffs' document subpoena by January 1, 2023. Defendant Bruce Bent shall appear via Zoom for a deposition by Plaintiffs' counsel on a date mutually agreeable to the parties and no later than January 15, 2023. Defendants' failure to respond will subject them to further sanctions.

Plaintiffs' motion for reasonable attorney's fees and costs in association with the motion to compel is GRANTED. Plaintiffs are directed to submit their detailed fee request for the court's review no later than January 30, 2023.

The Clerk is directed to terminate the motion at ECF No. 53.

SO ORDERED.

Dated: November 21, 2022
      New York, New York

                                                      J. PAUL OETKEN
                                              United States District Judge